MARGARET ROSENTHAL, SBN 147501
SABRINA L. SHADI, SBN 205405
VARTAN S. MADOYAN, SBN 279015
JEFFREY C. BILS, SBN 301629
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email:   mrosenthal@bakerlaw.com
         sshadi@bakerlaw.com
         vmadoyan@bakerlaw.com
         jbils@bakerlaw.com

Attorneys for Defendants
SYSCO CORPORATION; a Delaware Corporation; SYSCO SAN FRANCISCO, INC., a California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ, individually and acting on behalf of a class of similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO CORPORATION; a Delaware Corporation; SYSCO SAN FRANCISCO, INC., a California Corporation; and DOES 1 - 50,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Declaration of Karan Bains; Civil Cover Sheet; Certification of Interested Entities or Persons; and Request for Judicial Notice]<br><br>Date Action Filed: October 18, 2016 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Sysco Corporation and Sysco San Francisco, Inc. (collectively, "Defendants") remove the action filed by Henry Hernandez ("Plaintiff") in the Superior Court of the State of California, in and for the County of Alameda, and captioned Case No. RG16835638, to the United States District Court for the Northern District of California.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On October 18, 2016, Plaintiff, purportedly on behalf of a class of similarly situated employees, filed a Class Action Complaint against Defendants in the Superior Court of the State of California, in and for the County of Alameda, Case No. RG16835638 (the "State Court Action").

4. On October 21, 2016, Defendants were served with a copy of the Summons and Complaint.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this removal within 30 days of their receipt of a copy of the Summons and Complaint in the State Court Action.

6. Exhibit A constitutes all process, pleadings, and orders served on Defendants in the State Court Action.

7. Defendants filed their Answer in the State Court Action on November 21, 2016. A true and correct copy of Defendants' Answer is attached as Exhibit B.

## CAFA JURISDICTION

8. *Basis of Original Jurisdiction.* This Court has original jurisdiction of this action under CAFA. Sections 1332(d)(2) and (4) provide that a district court

shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d)(2) further requires that any member of the putative class must be a citizen of a state different from any defendant.

9. As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the State Court Action to federal court under CAFA because: (i) the matter in controversy, in the aggregate, well exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action and involves more than one hundred (100) putative class members; and (iii) members of the putative class are citizens of a state different from that of Sysco Corporation.

10. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff is a resident and domiciliary of the State of California. [Compl. ¶ 14.] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

11. <u>Sysco Corporation's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's nerve center should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

12. Sysco Corporation is incorporated in the State of Delaware.

13. Pursuant to the *Hertz* nerve center test, Sysco Corporation has its principal place of business in Houston, Texas. Specifically, its headquarters are located in Houston, Texas.

14. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "Does 1 to 100," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

15. <u>Minimal Diversity</u>. Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Sysco Corporation (one of the defendants) is a citizen of Delaware and Texas.

16. <u>Size of the Class</u>. Plaintiff asserted the State Court Action as a class action and alleges on information and belief that Defendants "have employed more than a thousand persons, if not thousands of persons in numerous states, including California." [Comp. ¶ 22.] While Plaintiff does not allege a specific class size, the relevant period for various claims made by Plaintiff is four years prior to the filing of the State Court Action. Although Defendants deny that Plaintiff is an adequate representative of the putative class, Sysco San Francisco, Inc. employed at least 100 individuals as current or former "hourly non-exempt employees" during the four-year period preceding the Complaint, as the class is defined in the Complaint. [Compl. ¶ 28.] As such, CAFA's requirement of 100 or more class members is satisfied.

**AMOUNT IN CONTROVERSY UNDER CAFA**

17. Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

18. This action involves Plaintiff's alleged claims against Defendants for: failure to provide rest breaks or pay additional wages in lieu thereof; failure to

- 4 -

1  provide meal periods or pay additional wages in lieu thereof; failure to pay
2  overtime wages; failure to pay minimum wages; failure to pay all wages owed up
3  termination or resignation; knowing and intentional failure to comply with itemized
4  employee wage statement provisions; and violation of unfair competition law.

5      19.    Plaintiff's prayer for relief seeks an award of compensatory damages,
6  economic/special damages, declaratory relief, statutory damages or actual damages,
7  unpaid minimum wages, injunctive relief, restitution, statutory penalties, premium
8  pay, premium wages, minimum wages, liquidated damages, Labor Code Section
9  226 penalties, City of Oakland penalties, attorneys' fees, interest, costs of suit, and
10 other relief. (See Complaint, prayer for relief.)

11     20.    Although Defendants deny that Plaintiff or the purported class
12 members are entitled to damages or could recover damages in any amount, the
13 amount in controversy in this putative class action, in the aggregate, is well in
14 excess of $5,000,000, exclusive of interest and costs.

15     21.    <u>Variables</u>. Calculations of the estimated amount in controversy are
16 based on the following variables:

17         a.    During the period of October 18, 2012 to the present, applicable
18 to Plaintiff's unpaid minimum wages claim, unpaid overtime wages claim,
19 liquidated damages claim, meal and rest break claims, Sysco San Francisco, Inc.
20 employed approximately 806 Putative Class Members. (Declaration of Karan
21 Bains ("Bains Decl.") ¶ 2.) These employees earned, on average, approximately
22 $23.57 per hour during this time period. (*Id.*) This time period consists of
23 approximately 76,001 total workweeks for this group of employees. (*Id.*)

24         b.    During the period of October 18, 2013 to the present, applicable
25 to Plaintiff's waiting time penalties claim, approximately 381 putative class
26 members separated from employment with Sysco San Francisco, Inc. (Bains Decl.
27 ¶ 3.) The approximate average final rate of pay among this group of former
28 employees is at least $21.57 per hour during this period. (*Id.*)

        c.      During the period of October 18, 2015 to the present, applicable to Plaintiff's wage statement claim, Sysco San Francisco, Inc. employed approximately 524 Putative Class Members. (Bains Decl. ¶ 4.)

22. <u>Claim for Failure to Provide Rest Breaks or Pay Wages in Lieu Thereof</u>. Plaintiff alleges that "Defendants violated California law by failing to provide rest periods mandated by Labor Code § 226. 7 and Wage Order 7 and others, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that a required rest period was not provided." (Complaint ¶ 42.) Assuming for purposes of this analysis only that each Putative Class Member working in California at any given time during the relevant time period was deprived of a rest break one (1) day per week, the amount in controversy for this claim (calculated as: $23.57 per hour x 1 hour of premium pay as a penalty for each non-compliant rest break x 1 violation per week x 76,001 workweeks from October 18, 2012 to the present) is approximately **$1,791,343**.

23. <u>Claim for Failure to Provide Meal Periods or Pay Wages in Lieu Thereof</u>. Plaintiff alleges that "Defendants violated California law by failing to provide the meal and rest periods mandated by Labor Code § 226.7 and Wage Order 7, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided." (Complaint ¶ 52.) Assuming for purposes of this analysis only that each Putative Class Member working in California at any given time during the relevant time period was deprived of a meal period one (1) day per week, the amount in controversy for this claim (calculated as: $23.57 per hour x 1 hour of premium pay as a penalty for each non-compliant rest break x 1 violation per week x 76,001 workweeks from October 18, 2012 to the present) is approximately **$1,791,343**.

24. <u>Overtime Claim</u>. Plaintiff alleges that Defendants "violated California Labor Code § 510 and Wage Order 7 by employing PLAINTIFF and the Class in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a

- 6 -

workweek without overtime pay" and "also violated California Labor Code § 510 and Wage Order 7 by employing PLAINTIFF and the Class greater than 8 hours on the seventh day of work and in excess of 12 hours in a day without pay twice the regular rate of pay for the employee." (Complaint ¶ 58.) Assuming for purposes of this analysis only that, pursuant to this claim, each Putative Class Member was not paid for one (1) hour of overtime worked each week of his or her employment, the amount in controversy for this claim (calculated as: $23.57 per hour x 1.5 overtime rate x 1 hour per week x 76,001 workweeks from October 18, 2012 to the present) is approximately **$2,687,015**.

25. <u>Claim for Failure to Pay Minimum Wages, Labor Code § 1194</u>. Plaintiff alleges that Defendants failed to pay Plaintiff and putative class members a minimum wage and that "PLAINTIFF and the Class may bring this action for minimum wage, interest, costs of suit, and attorney's fees pursuant to California Labor Code § 1194(a)." (Complaint ¶¶ 65, 69.) Assuming for purposes of this analysis only that, based on Plaintiff's allegations, each Putative Class Member was not paid minimum wages for a minimum of 1 hour per workday, the amount in controversy (calculated as $8 per hour X 5 hours per workweek X approximately 31,561 workweeks from October 18, 2012 until June 30, 2014; $9 per hour X 5 hour per workweek X approximately 27,896 workweeks from July 1, 2014 to December 31, 2015; and $10 per hour X 5 hour per workweek X approximately 16,544 workweeks between January 1, 2016 and the present) is approximately **$3,344,960**.

26. <u>Claim for Liquidated Damages, Labor Code § 1194.2</u>. Plaintiff alleges that "PLAINTIFF and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" pursuant to Labor Code Section 1194.2. (Complaint ¶ 71.) Assuming for purposes of this analysis only that, based on Plaintiff's allegations, each Putative Class Member was not paid minimum wages for a minimum of 1 hour per workday, the amount in

controversy (calculated as $8 per hour X 5 hours per workweek X approximately 31,561 workweeks from October 18, 2012 until June 30, 2014; $9 per hour X 5 hour per workweek X approximately 27,896 workweeks from July 1, 2014 to December 31, 2015; and $10 per hour X 5 hour per workweek X approximately 16,544 workweeks between January 1, 2016 and the present) is approximately **$3,344,960**.

27.   <u>Claim for Failure to Timely Pay Wages Due at Termination</u>. Plaintiff alleges that "DEFENDANTS violated California Labor code §§ 201 by failing to pay PLAINTIFF and the Class all of the wages due pursuant to the timelines provided in those sections" and that "PLAINTIFF and the Class are entitled to 30 days wages." (Complaint at 17:27–18:3.) Assuming for the purposes of this analysis only that each putative class member whose employment terminated during the relevant period is entitled to 30 days wages as Plaintiff alleges, the amount in controversy (calculated as 381 putative class members separated from employment X $21.57 per hour X 8 hours X 30 days) is approximately **$1,972,360**.

28.   <u>Wage Statement Claim</u>. Plaintiff alleges that Defendants failed to provide accurate wage statements to putative class members. (Complaint at 19:16-23.) Labor Code Section 226(a) provides a maximum aggregate penalty of $4,000 per affected employee. Where a statutory maximum is specified, "courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, based on Plaintiff's allegations, the amount in controversy for this claim (calculated as: 524 putative class members during the relevant period x $4,000) is approximately **$2,096,000**.

29.   <u>Total Amount in Controversy</u>. Although Defendants disagree that Plaintiff can adequately represent the alleged class and deny the merits of the claims, based on the claims alleged in the complaint as detailed above, the total

amount in controversy is at least **$17,027,981, plus attorneys' fees.** Even taking a more conservative approach and assuming the above claims apply to one in every two Putative Class Member's, the amount in controversy would still be greater than **$8,500,000, plus attorneys' fees**. This amount well exceeds the $5 million CAFA threshold even before ever taking into account attorneys' fees, which, as discussed below, adds even more to the total amount in controversy and should be included in the amount in controversy for purposes of removal.

30. <u>Other Claims</u>. In addition to the damages discussed above, Plaintiff also alleges restitution and injunctive relief (among other forms of relief not calculated above). (Complaint, Prayer for Relief.) No allegations in the Complaint allow Defendants to calculate the amount of these alleged damages and relief. However, Defendants point out these allegations to the Court as further evidence that the amount in controversy exceeds $5,000,000, as already established above.

31. <u>Attorneys' Fees</u>. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Plaintiff has sought attorneys' fees in the Complaint which are permitted by Cal. Labor Code §§ 218.5 and 1194 for Labor Code violations alleged in the Complaint. They should therefore be included in analyzing the amount in controversy.

32. In the Ninth Circuit, the "benchmark" for attorneys' fees is a "lodestar calculation" which "begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

33. In a similar employment case alleging California class action wage and hour claims, *Angela Lopez Cruz et al. v. El Ranch Farms, et al.*, Case No. 1:12-cv-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

609922328.3

01934-AWI-JLT (E.D. Cal.), counsel at the firm representing Plaintiff (Mallison & Martinez) filed a declaration on June 19, 2015 in support of a final approval of class action settlement. The declaration requested hourly rates, at that time, for attorneys Stan Mallison and Hector Martinez of $650 per hour, and for attorney Joseph Sutton, $400. (*See* Exhibit A to Defendants' Request for Judicial Notice, at ¶¶ 10-11, 14.) In that case, the Magistrate Judge recommended approval of attorneys' fees in the amount of approximately 30 percent of the gross settlement, which amount of attorneys' fees was $690,089.65. (*See* Exhibit B to Defendants' Request for Judicial Notice, at 49:8-9).

34.   Any addition of attorneys' fees would be over and above the amount calculated for alleged damages as analyzed above, and would further increase the amount in controversy far beyond the required $5,000,000 threshold for CAFA jurisdiction.

35.   Accordingly, diversity, class size, and amount in controversy under CAFA are satisfied for jurisdiction under 28 U.S.C. §§ 1332, 1141 and 1446. Therefore, Defendants have properly removed the State Court Action to this Court.

### NOTICE OF INTERESTED PARTIES

36.   Pursuant to Civil Local Rule 3-15, a Certification of Interested Entities or Persons is being filed concurrently with this Notice of Removal.

///
///
///
///
///
///
///
///
///

## **NOTICE**

37. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Alameda.

Dated: November 21, 2016

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */S/ Jeffrey C. Bils*
　　Margaret Rosenthal
　　Sabrina L. Shadi
　　Vartan S. Madoyan
　　Jeffrey C. Bils

Attorneys for Defendants
SYSCO CORPORATION; a Delaware Corporation; SYSCO SAN FRANCISCO, INC., a California Corporation s

- 11 -

609922328.3

# PROOF OF SERVICE

I, S. Suzuki, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On November 21, 2016, I served a copy of the within document(s): NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a [service company] agent for delivery.

Stan S. Mallison, Esq.
Hector R. Martinez, Esq.
Marco A. Palau, Esq.
Joseph D. Sutton, Esq.
Eric S. Trabucco, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612-3547
Tel: 510-832-9999
Fax: 510-832-1101
Email: StanM@TheMMLawFirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 21, 2016, at Los Angeles, California.

_____
S. Suzuki