1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY HERNANDEZ,

         Plaintiff,

    v.

SYSCO CORPORATION, et al.,

         Defendants.

Case No. 16-cv-06723-JSC

**ORDER DENYING MOTION TO REMAND**

**(Dkt. No. 11)**

       Plaintiff filed this putative state law wage and hour class action in Alameda County Superior Court.  Defendants Sysco Corporation and Sysco San Francisco (collectively "Defendants") subsequently removed the case to federal court under the Class Action Fairness Act ("CAFA") of 2005.  *See* 28 U.S.C. §§ 1332(d), 1441, 1453.  Plaintiff's motion to remand the action to state court under CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4)(A), is now pending before the Court.  (Dkt. No. 10.)  Having considered the parties' briefs, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion to remand.[1]  Plaintiff has not met his burden of showing that the local controversy exception to CAFA jurisdiction applies.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 8 & 17.)

United States District Court
Northern District of California

1

## BACKGROUND

2       Plaintiff Henry Hernandez, a former non-exempt employee of Defendants, filed this

3  putative class action complaint in Alameda Superior Court on October 18, 2016.  (Dkt. No. 1-1.)

4  He asserts seven claims for relief under state law including: (1) failure to provide rest periods in

5  violation of California Labor Code § 226.7 and Wage Order 7; (2) failure to provide meal periods

6  in violation of California Labor Code §§ 226.7, 512, and Wage Order 7; (3) failure to pay

7  overtime in violation of California Labor Code §§ 510, 1194, 1194.2, and Wage Order No. 7; (4)

8  failure to pay minimum wage in violation of California Labor Code §§ 1197, 1194(a), 1194.2; (5)

9  failure to pay wages at termination in violation of California Labor Code §§ 201, 202, 203; (6)

10  failure to issue accurate and itemized wage statements in violation of California Labor Code §§

11  226(b), 1174, 1175, and Wage Order No. 7); and (7) violation of unfair competition law in

12  violation of California Business and Professions Code § 17200 et seq.  (*Id*.)

13       Defendants filed their answer in state court on November 21, 2016 and simultaneously

14  removed the complaint to federal court under CAFA.  (Dkt. Nos. 1; 1-2.)  In the Notice of

15  Removal, Defendants allege that removal is proper under CAFA, 28 U.S.C. §§ 1332(d)(2),

16  because the case has more than 100 putative class members, the amount in controversy exceeds

17  $5,000,000, and Plaintiff is a citizen of California whereas Defendants are citizens of Delaware

18  and Texas.  (Dkt. No. 1 at ¶¶ 8-16.)  Plaintiff thereafter filed the now pending motion to remand.[2]

19

## DISCUSSION

20       "CAFA gives federal district courts original jurisdiction over class actions in which the

21  class members number at least 100, at least one plaintiff is diverse in citizenship from any

22  defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and

23  costs." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28

24  U.S.C. § 1332(d)).  Defendants, as the removing parties, bear the burden of establishing these

25  elements, that is, a prima facie case of removal jurisdiction.  *Serrano v. 180 Connect, Inc.*, 478

26  F.3d 1018, 1021 (9th Cir. 2007); *see also id.* at 1024 (holding that in a CAFA case the removing

27

28  [2] The Court has not considered Defendants' surreply as it was submitted without leave of the
Court in violation of Local Rule 7-3(d).  (Dkt. No. 18.)

United States District Court
Northern District of California

1   party bears the burden of establishing federal jurisdiction under 28 U.S.C. § 1332(d)(2)).

2   Plaintiff does not dispute that Defendants have made a prima facie case of CAFA removal

3   jurisdiction under section 1332(d)(2); instead, they contend that remand is appropriate under the

4   "local controversy" exception to CAFA removal jurisdiction.  28 U.S.C. § 1332(d)(4)(A).  The

5   "local controversy" exception requires a district court to decline CAFA jurisdiction:

6   > (A)(i) over a class action in which—

7   >> (I) greater than two-thirds of the members of all proposed plaintiff
8   >> classes in the aggregate are citizens of the State in which the action
     >> was originally filed;

9   >> (II) at least 1 defendant is a defendant—

10  >>> (aa) from whom significant relief is sought by members of the
     >>> plaintiff class;
11

12  >>> (bb) whose alleged conduct forms a significant basis for the
     >>> claims asserted by the proposed plaintiff class; and

13  >>> (cc) who is a citizen of the State in which the action was
     >>> originally filed; and
14

15  >> (III) principal injuries resulting from the alleged conduct or any
     >> related conduct of each defendant were incurred in the State in
     >> which the action was originally filed; **and**

16

17  > **(ii) during the 3–year period preceding the filing of that class action, no
    > other class action has been filed asserting the same or similar factual
    > allegations against any of the defendants on behalf of the same or other**
18  > **persons[.]**

19  28 U.S.C. § 1332(d)(4)(A)(emphasis added); *see also Serrano*, 478 F.3d at 1022 n.7 (identifying

20  the local controversy exception requirements).  The party seeking remand, here Plaintiff, bears the

21  burden of proving that the local controversy exception applies.  *Benko v. Quality Loan Serv.*

22  *Corp.,* 789 F.3d 1111, 1116 (9th Cir. 2015); *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880,

23  883 (9th Cir. 2013).

24  Plaintiff has not met his burden of showing that the local controversy exception applies

25  because he has not shown that during the three years preceding the filing of this action no other

26  class action has been filed asserting the same or similar claims against the same defendants.  28

27  U.S.C. § 1332(d)(4)(A)(ii).  To the contrary, Plaintiff does not dispute Defendants' proffered

28  evidence that a similar class action complaint was filed in San Diego Superior Court in April

3

United States District Court
Northern District of California

1    2014.[3]  *See* 28 U.S.C. § 1332(d)(4)(A)(ii).  As Plaintiff has not shown that each required element

2    of the local controversy exception is satisfied, the motion to remand must be denied.

3            Plaintiff's insistence that the Court should nonetheless apply the local controversy

4    exception and decline jurisdiction because Defendants did not identify the previous class action in

5    its Notice of Removal is unpersuasive.  Plaintiff's argument is premised on there being a strong

6    presumption against removal jurisdiction.  (Dkt. No. 16 at 4:21-26; *id.* at 5:28; *id*. at 6:6-8.[4])  The

7    fatal defect with this argument is that "no antiremoval presumption attends cases invoking CAFA,

8    which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*

9    *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Bridewell-*

10   *Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015) (finding that the district

11   court erred "by applying a 'strong presumption against removal jurisdiction'" in a CAFA case).

12   Further, the argument ignores that it is Plaintiff's burden to show the local controversy

13   requirement applies, not Defendants' burden to show that it does not.  It is thus unsurprising that

14   Plaintiff does not cite, and the Court is not aware of, any case which holds that a defendant

15   removing a case under CAFA must allege facts in the Notice of Removal that show that the local

16   controversy requirement does not apply.

17                                          **CONCLUSION**

18           Because Plaintiff has not met his burden of establishing the local controversy exception to

19   CAFA jurisdiction, his motion to remand and his request for fees and costs are DENIED.

20   //

21   //

22   //

23

24   ───────────────────

     [3] Defendants request that the Court take judicial notice of the complaint filed in *Jason Simon v.*
25   *Sysco Corporation; Sysco San Francisco, Inc*., Case No. 37-2014-00012263 (San Diego Superior
     Court, filed April 21, 2014) (the "*Simon* action").  (Dkt. No. 15.) The Court does so.  *See* Fed. R.
26   Evid. 201; *see also United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc*.,
     971 F.2d 244, 248 (9th Cir.1992) ("we may take notice of proceedings in other courts, both within
27   and without the federal judicial system, if those proceedings have a direct relation to the matters at
     issue.").
28   [4] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

1   This Order disposes of Dkt. No. 10.

2   **IT IS SO ORDERED.**

3   Dated: January 25, 2017

4   _____
    JACQUELINE SCOTT CORLEY

5   United States Magistrate Judge

United States District Court
Northern District of California