UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION, et al.,<br><br>Defendants. | Case No.16-cv-06723-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 33, 35 |

Plaintiff Henry Hernandez brings state law wage and hour claims against his former employer Sysco Corporation and Sysco San Francisco (collectively "Defendants") on behalf of himself and a putative class. Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) contending that Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA") and barred by state law. (Dkt. Nos. 33 & 35.) After carefully considering the arguments and briefing submitted and having had the benefit of oral argument on April 27, 2017, the Court GRANTS in part and DENIES in part Defendants' motion.

**BACKGROUND**

Plaintiff worked for Defendants as a non-exempt employee until September 20, 2016. (Complaint ¶ 14.) The parties do not dispute that as a non-exempt employee his employment was governed by a Collective Bargaining Agreement ("CBA") between Sysco San Francisco and the International Brotherhood of Teamsters, Local 853.

A month after he left his employment with Defendants, Plaintiff filed this putative class

action complaint in Alameda Superior Court. (Dkt. No. 1-1.[1]) He asserts seven claims for relief under state law: (1) failure to provide rest periods in violation of California Labor Code § 226.7 and Wage Order 7; (2) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512, and Wage Order 7; (3) failure to pay overtime in violation of California Labor Code §§ 510, 1194, 1194.2, and Wage Order No. 7; (4) failure to pay minimum wage in violation of California Labor Code §§ 1197, 1194(a), 1194.2; (5) failure to pay wages at termination in violation of California Labor Code §§ 201, 202, 203; (6) failure to issue accurate and itemized wage statements in violation of California Labor Code §§ 226(b), 1174, 1175, and Wage Order No. 7); and (7) violation of unfair competition law in violation of California Business and Professions Code § 17200 et seq. (*Id*.)

Defendants filed their answer in state court on November 21, 2016 and simultaneously removed the complaint to federal court under the Class Action Fairness Act ("CAFA"). (Dkt. Nos. 1; 1-2.) Plaintiff thereafter filed a motion for remand which the Court denied. (Dkt. No. 20.) Defendants then filed the now pending motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

**LEGAL STANDARD**

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). Accepting all allegations of the non-moving party as true, judgment "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1989). In other words, the standard of review is "functionally identical" to the Rule 12(b)(6) standard. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "Dismissal [of claims] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal citation and quotation marks omitted).

## DISCUSSION

Defendants argue that (1) Plaintiff's third claim for relief is barred by Labor Code Section 514's exemption on overtime claims; (2) Plaintiff's first, second, third, and fourth claims for relief are preempted by section 301 of the LMRA; and (3) Plaintiff's fifth, sixth, and seventh claims for relief fail to state a claim because they are derivative of claims which are otherwise subject to dismissal. The Court addresses each argument in turn.

**A.     Requests for Judicial Notice**

As a preliminary matter, the Court addresses the parties' requests for judicial notice. (Dkt. Nos. 34 & 37.) Defendants request judicial notice of two CBAs between Sysco San Francisco and the International Brotherhood of Teamsters, Local 853, effective November 2, 2013 through November 1, 2015, and November 2, 2015 through November 1, 2019, respectively, (Dkt. Nos. 34-1 & 34-2); as well as a minute order of the San Diego County Superior Court sustaining defendants' demurrer in *Jason Simon v. Sysco Corporation et al.*, No. 37-2014-000 12263-CU-OE-CTL, dated August 4, 2016 (Dkt. No. 34-3). Plaintiff has not objected to Defendants' request. A court may take judicial notice of a CBA in evaluating a motion to dismiss. *See, e.g.*, *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (internal quotation marks omitted); *Jones v. AT&T*, No. C 07-3888 JF (PR), 2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) ("the Court may take judicial notice of a CBA in evaluating a motion to dismiss."). The court may also "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The Court thus GRANTS Defendants' Request for

Judicial Notice.[2] (Dkt. No. 34.)

Plaintiff requests judicial notice of (1) the complaint filed in this action in the Superior Court for the County of Alameda (Dkt. No. 37-2); (2) an order filed in *Lopez v. Sysco Corporation et al.*, No. 15-cv-04420-JSW, (N.D. Cal. Jan. 25, 2016) granting plaintiff's motion to remand and denying defendants' motion to dismiss as moot (Dkt. No. 37-1); (3) a copy of the CBA filed in that same *Lopez* action (Dkt. No. 37-3); and (4) an order filed in the *Lopez* case upon remand to the Superior Court of the County of Alameda, *Lopez v. Sysco Corporation et al.*, Case No. RG15782744, (Jul. 14, 2016) overruling defendants' demurrer (Dkt. No. 37-4).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. For the reasons noted above, the Court may take judicial notice of the requested pleadings and court orders. *See Black*, 482 F.3d at 1041. Further, to the extent that Plaintiff requests judicial notice of the fact that the CBA in the *Lopez* action is identical to the CBA in this action—a fact which Defendants do not contest—this too is judicially noticeable as it is readily verifiable. The Court thus GRANTS Plaintiff's Request for Judicial Notice. (Dkt. No. 37.)

**B.     Plaintiff's Overtime Claim**

Plaintiff's third claim for relief alleges that Defendants failed to pay overtime wages in violation of California Labor Code Section 510. Defendants argue that Plaintiff's overtime claim is barred by California Labor Code Section 514, and alternatively, that it is preempted by the LMRA. Because the former argument is dispositive, the Court need not consider whether Plaintiff's overtime claim is preempted by the LMRA.

Under Section 514, overtime claims may not be brought by an employee who is covered by a CBA that "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a

---

[2] Because the CBAs are substantively the same except for their effective period, the Court refers to them in the singular as "the CBA."

1 regular hourly rate of pay for those employees of not less than 30 percent more than the state

2 minimum wage." Cal. Lab. Code § 514. The CBA governing Plaintiff's employment provides

3 that employees shall receive time and one-half (1 1/2) for hours worked in excess of eight hours

4 per day for employees who work five days a week. (Art. XVI, Sec. 3, Dkt. No. 34-1 at 16.) There

5 is a similar provision for employees who work ten hours a day for four days a week and thirteen

6 hours a day for three days a week. (*Id*.)

7 Plaintiff insists that the CBA nonetheless fails to provide for premium wages for all

8 overtime wages worked because the meal period provision states that all employees shall have a

9 one-half (1/2) hour lunch period," but does not state whether employees will be provided overtime

10 wages for time worked during meal periods, which Plaintiff alleges he was required to do without

11 pay. (Art. XVI, Sec. 11, Dkt. No. 34-1 at at 34-18; Dkt. No. 1-1 at ¶ 23.) In doing so, Plaintiff

12 relies upon *Angeles v. U.S. Airways, Inc*., No. C 12-05860 CRB, 2013 WL 622032, at \*5 (N.D.

13 Cal. Feb. 19, 2013), where the court denied a motion to dismiss based on Section 514 because the

14 applicable cba "explicitly den[ies] premium compensation for overtime hours worked pursuant to

15 a shift trade." *Id*. Plaintiff, however, has pointed to no similar limiting provision in the CBA

16 here. Indeed, the CBA provides for overtime wages for all hours worked in excess of 8, 10, or 13

17 hours depending on the employee's schedule. It may be that Plaintiff was not paid the overtime to

18 which he was entitled, but as Defendants' conceded at oral argument, the CBA requires that

19 overtime be paid for all hours worked during a meal or rest break. *Angeles* is thus inapposite.

20 Plaintiff's argument that the Court cannot reach this question at this early stage is likewise

21 unavailing. *See McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-CV-06450-MMC,

22 2017 WL 1246933, at \*2 (N.D. Cal. Apr. 5, 2017) (noting that motion for judgment on the

23 pleadings based on an affirmative defense is proper "where the defendant shows some obvious bar

24 to securing relief on the face of the complaint, or where the affirmative defense can be established

25 by documents of which a district court can take judicial notice, such as court filings in other

26 actions") (internal citation and quotations marks omitted). Plaintiff has not identified anything

27 which calls the CBA's plain language—requiring overtime wages for all work performed in

28 excess of 8, 10, or 13 hours—into question. As such, the CBA establishes Defendants' Section

514 affirmative defense. Because Plaintiff's third claim for relief for overtime wages is statutorily barred, the Court need not address whether the claim is also preempted by the LMRA. *See Pyara v. Sysco Corp.*, No. 15-01208, 2016 WL 3916339, at *3 (E.D. Cal. July 20, 2016).

## C. The LMRA does not Preempt Plaintiff's Claims

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), states in relevant part:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ..."

Section 301 preemption applies "beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). However, Section 301 only preempts "claims founded directly on rights created by collective-bargaining agreements," and "claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691.

Courts apply a two-part test for determining whether a claim is preempted by § 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). First, the court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a" collective bargaining agreement. *Id.* at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* If the right exists independent of the CBA, the court turns to the second prong: whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* (internal citation and quotation marks omitted). If the claim does not depend on analysis of a cba, the claim is not preempted and may proceed under state law. However, if the claim does depend on an analysis of a collective bargaining agreement, the claim is preempted. The court's decision in this regard is

based on "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id*. (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 121 (1994)). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124.

### 1) Plaintiff's Meal and Rest Break Claims

Plaintiff's first and second claims for relief are for failure to provide rest and meal periods or compensation in lieu thereof under California Labor Code Section 226.7. Defendants contend that these claims are preempted by the LMRA because the claims are inextricably intertwined with the CBA and/or require interpretation of the CBA.

Defendants have not established that the first prong of the LMRA preemption test is met. Plaintiff's meal and rest break claims arise under state law and not solely by virtue of the CBA—that the CBA includes provisions regarding meal and rest breaks is insufficient for preemption. *See, e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014) ("California state law claims alleging meal period violations are not preempted even where the CBA includes language entitling employees to such breaks" and collecting cases re: the same).

Nor does the possible application of Labor Code Section 512(e) to bar claims of any class members employed as commercial drivers warrant preemption. Similar to Section 514, Section 512(e) bars state law meal and rest break claims commercial truck drivers if "(1)[t]he employee is covered by a valid collective bargaining agreement" and "(2) [t]he valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage." Cal. Labor Code § 512(e); see also *id*. § 512(f). Defendants thus reason that if Section 512(e) applies, the only basis for liability is the CBA and therefore the claim is preempted. Defendants, however, have not shown that any members of the class are "commercial drivers" under Section 512(e). Indeed, Plaintiff's proposed class definition does not mention commercial drivers; instead, it defines the class as "[a]ll non-exempt persons who are employed or have been

7

employed by Defendant" within the four years of filing" and have "worked as hourly non-exempt employees." (Complaint at ¶ 28.) Unlike *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014), upon which Defendants rely, Plaintiff disputes that he and any putative class members qualify as commercial drivers under Section 512(e).

With respect to the second prong of the LMRA preemption test, Defendants insist that the CBA's references to meal and rest breaks and a seniority system mean that resolution of Plaintiff's meal and rest breaks claims would require interpretation of the CBA. Not so. "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001), as amended (Aug. 27, 2001). Indeed, "[a] creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility." *Id.*

Defendants list CBA articles that the Court may have to review in resolving Plaintiff's claims, but they do not suggest that there is any dispute regarding the meaning of these CBA provisions. Merely identifying provisions of a CBA without explaining why the terms must be interpreted to resolve a plaintiff's claims is insufficient to show preemption. *See, e.g.*, *Lopez*, 2016 WL 3078840, at *5; *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1194 (E.D. Cal. 2016); *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-CV-00085-RS, 2016 WL 1238603, at *5 (N.D. Cal. Mar. 22, 2016). To establish preemption, Defendants must *explain* why these terms would need to be interpreted to resolve Plaintiff's claims; that is, "a court's need to 'review' or 'analyze' a CBA is not the same as 'interpreting' its text, as interpretation implies discordance over the meaning of a term that requires authoritative explication." *Cuellar-Ramirez*, 2016 WL 1238603, at *5. Defendants' reliance on the San Diego County Superior Court's decision in *Simon v. Sysco Corporation et al.*, No. 37-2014-000 12263-CU-OE-CTL, (Aug. 4, 2016), is misplaced. (Dkt. No. 34-3.) In *Simon*, the court concluded that interpretation of the CBA would be necessary to resolve whether the plaintiff was a union member covered by the CBA. (*Id.* at 3.) Here, there is no dispute that Plaintiff was a union member whose employment was governed by

8

the CBA, thus no interpretation of those provisions is required.[3]

In sum, on this record Defendants have not demonstrated that Plaintiff's first or second claims for relief are preempted.

### 2) Plaintiff's Minimum Wage Claim

Defendants contend that Plaintiff's fourth claim for relief for failure to pay minimum wages pursuant to Labor Code Sections 1197, 1194(a), and 1194.2 is "wholly derivative" of Plaintiff's first through third claims for relief for overtime, meal and rest breaks, and thus likewise preempted under the LMRA.[4] Plaintiff disputes that the claim is derivative arguing instead that it is based on Plaintiff's allegation that Defendants failed to pay the minimum wage by "requir[ing] employees to meet daily goals by working during meal periods without pay." (Complaint at ¶ 23(d).) Defendants counter that any such claim is derivative of the separately pleaded meal and rest break claims. The Court need not reach this issue as it has concluded that Defendants have not shown that Plaintiff's meal and rest break claims are preempted, and as such, has likewise not shown that any derivative claims are preempted.

## D.  Plaintiff's Remaining Claims

### 1) Plaintiff's Wage Statement Claim

Plaintiff's sixth claim for relief is for failure to provide accurate and itemized wage statements in violation of Labor Code Section 226(a). Under this section, an employer is required to provide an "accurate itemized statement" of an employee's wages that includes nine enumerated pieces of information, including "(1) gross wages earned, (2) total hours worked by the employee ... (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ... (5) net wages earned, (6) the inclusive

---

[3] Defendants' reliance on *Mireles v. Paragon Sys. Inc.*, No. 3:13-CV-00122-L-BGS, 2013 WL 3450090, at *4 (S.D. Cal. July 9, 2013), for the proposition that the parties' dispute regarding whether the CBA requires all overtime wages to be paid means that the CBA must be interpreted is puzzling. *Mireles* denied plaintiffs' motion to strike defendant's affirmative defenses, including defenses predicated on LMRA preemption and Section 514 and 512(e) exemptions, but did not adjudicate whether the defenses actually applied.

[4] Labor Code Section 1194(a) states that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation."

9

dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number ... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...." Cal. Lab. Code § 226(a).

The complaint alleges that Defendants failed to provide accurate wage statements because they: "[f]alsely understated the gross wages earned by failing to pay for all hours worked"; "[o]mitted or falsely understated the total hours worked" "by reporting or ignoring the total of hours actually worked"; "[f]alsely understat[ing] the number of hours worked at each hourly rate"; and "[f]alsely stated the net wages earned." (Complaint at ¶ 10 (Dkt. No. 1-1 at 21).) Defendants contend that these allegations fail to state a claim because they are derivative of Plaintiff's meal and rest break claims and Plaintiff cannot use violation of meal and rest period regulations to form the basis of a Section 226(a) claim because this would result in an employee's improper double recovery. Defendants point to a handful of non-binding district court decisions which have adopted this reasoning, but none are based on an interpretation of California law. *See, e.g.*, *Frieri v. Sysco Corp.*, No. 16-CV-1432 JLS (NLS), 2016 WL 7188282, at *6 (S.D. Cal. Dec. 12, 2016); *Pyara v. Sysco Corp.*, No. 15-01208, 2016 WL 3916339, at *7 (E.D. Cal. July 20, 2016); *Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011). Plaintiff for his part insists that the claim is "based on several independent requirements under California law, including minimum wage violations, and is not simply derivative of Plaintiff's First and Second Causes of Action for rest and meal period violations." (Dkt. No. 36 at 24:6-9.)

As stated at the hearing, absent California law to the contrary—which Defendants have not cited—the Court cannot say at this stage in the proceedings that Plaintiff's wage statement claim is barred as a matter of law, especially given his contention that it is not based solely on meal and rest period violations. Defendants' motion to dismiss the wage statement claim is thus denied.

**2) Plaintiff's Fifth and Seventh Claims for Relief**

Defendants contend that Plaintiff's Fifth and Seventh claims for relief are derivative of his other claims and thus subject to dismissal. Because the Court has denied Defendants' motion with respect to all claims except Plaintiff's overtime claim, Defendants' derivative argument with

10

respect to the fifth and seventh claims for relief likewise fails, except as to any portions of claims predicated on an overtime theory.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART. (Dkt. No. 35.) It is granted as to Plaintiff's third claim for relief and denied in all other respects. Plaintiff shall file an amended complaint which comports with this Order by May 5, 2017. Defendants' answer is due May 25, 2017.

The parties shall appear for a further Case Management Conference on June 22, 2017 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, CA. An updated Joint Case Management Conference Statement shall be filed by June 15, 2017 and shall include a proposed case management schedule.

**IT IS SO ORDERED.**

Dated: April 28, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge