United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ,<br>　　　　Plaintiff,<br>　　v.<br>SYSCO CORPORATION, et al.,<br>　　　　Defendants. | Case No. 16-cv-06723-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 125 |

Henry Hernandez filed this wage and hour action against his former employer Sysco Corporation and Sysco San Francisco (collectively "Sysco") on behalf of himself and a putative class. The Court granted in part and denied in part his motion for class certification certifying a class of individuals who performed off-the-clock work during their unpaid meal breaks as well as the derivative pay statement and final wages claims, but declining to certify Plaintiff's meal or rest break claims finding that individualized issues predominated those claims. (Dkt. No. 121.) The Court thereafter granted Plaintiff leave to file a motion for reconsideration of the class certification order. (Dkt. Nos. 125, 128.) Having considered the parties' briefs, the Court DENIES Plaintiff's motion for reconsideration.

**DISCUSSION**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Under Civil Local Rule 7-9(b),

a party seeking reconsideration of an interlocutory order must show one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b).

Plaintiff moves for reconsideration of the Court's denial of his motion for certification of his meal and rest break claims. Plaintiff's meal and rest break claims are not based on a lack of meal and rest break policy as is often the case, but rather, on Sysco's Productivity Policy which Plaintiff contends discourages certain employees (Selectors) from taking meal and rest breaks. In particular, Plaintiff contends that because Sysco requires 100 percent productivity and disciplines employees who consistently fall below that goal while rewarding employees who exceed the goal with incentive pay, Selectors at least partially work through their rest and meal breaks to ensure that they can meet the 100 percent goal or earn an incentive bonus. The Court concluded that these claims could not be resolved on a class-wide basis because individual issues predominate with respect to why any particular Selector might have worked during his or her meal break. Plaintiff contends that in doing so the Court manifestly failed to consider Plaintiff's evidence and controlling law.

First, Plaintiff insists that the Court failed to consider material facts in the form of his expert declarations. In particular, Plaintiff contends that the Court ignored Dr. Fairris's statement that "the set of arrangements Defendants have adopted to enhance labor productivity do indeed discourage workers from taking work breaks and encourage them to work off-the-clock." (Dkt. No. 104-21 at ¶ 11.) The Court, however, noted Dr. Fairris's opinion, and indeed, the possibility that the Productivity Policy might deter some employees from taking breaks, but as the Court noted:

> A policy that dissuades employees from taking a break due to concerns about not meeting goals and therefore being terminated might be determined to unlawfully deprive an employee of a break, while one that provides extra pay if an employee exceeds certain goals might not. Indeed, Sysco offers evidence that Selectors may sometimes choose not

2

> to take a full break because they want to increase their productivity so
> they can earn extra pay. (Dkt. No. 107-11 at ¶ 7.) But Plaintiff offers no
> methodology for determining which reason, even assuming those were
> the only two reasons, an employee did not take a full meal and rest break.
> *See Hamilton v. Wal-Mart Stores, Inc.*, 2018 WL 4813082, at *7 (C.D.
> Cal. Aug. 21, 2018) (denying certification of meal break claim because
> "there are various reasons an employee may have not taken a second
> break. Determining whether a violation exists would require an
> individualized inquiry as to why each employee failed to take their
> second meal period.").

(Dkt. No. 121 at 12.[1]) Plaintiff has failed to demonstrate that the Court failed to consider his expert evidence; rather, he objects to the weight the Court gave the evidence which is not a proper basis for reconsideration. "[A] motion for reconsideration is not a vehicle to reargue the motion or to ask the Court to re-weigh the evidence." *Moore v. Int'l Cosmetics & Perfumes Inc.*, 2016 WL 7638183, at *3 (C.D. Cal. May 4, 2016) (internal citation and quotation marks omitted).

Second, Plaintiff insists that the Court erred in focusing on whether there was a common method for proving why a particular Selector worked during a meal or rest period, and improperly shifted the burden to Plaintiff. Plaintiff insists—as he did on class certification—that because (1) Sysco's timekeeping and payroll records reflect that employees perform work during their meal and rest breaks, and (2) Sysco has a Productivity Policy which incentivizes them for doing so, this is all that is necessary to prove class-wide liability. But as the Court noted in its Order, California law does not impose a per se bar on productivity policies. To the contrary, the California Supreme Court requires employers to allow meal and rest breaks, but employers are not required to make employees take rest breaks and as long an employer "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so" it has satisfied its obligation to allow employees to take a meal break. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1033, 1040 (2012) (internal citation and quotation marks omitted).

The evidence here showed that Sysco had compliant written meal and rest break policies, but that it also had a policy that incentivized employees to work through meal and rest breaks. While some employees may have done so because they could not otherwise get their work done,

---

[1] The Court also considered Dr. Woolfson's statistical analysis. (Dkt. No. 121 at 11.)

3

there was also evidence (including Plaintiff's own testimony) that others may have voluntarily done so.  Under these circumstances, Plaintiff has not shown how the Court could determine why a particular employee worked through their meal and/or rest break on a class wide basis.  That is, that common proof would show that employees who worked through their meal and rest breaks did so because they felt that they had to as opposed to because they wanted to.  Plaintiff has thus failed to demonstrate that the Court manifestly failed to consider dispositive legal arguments and instead rehashes arguments the Court considered and rejected in denying class certification of the meal and rest break claims.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for reconsideration. This Order disposes of Docket No. 125-1.

**IT IS SO ORDERED.**

Dated: March 18, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge