STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
LILIANA GARCIA (Bar No. 311396)
    LGarcia@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

MARGARET ROSENTHAL, Bar No. 147501
SABRINA L. SHADI, Bar No. 205405
VARTAN S. MADOYAN, Bar No. 279015
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Emails:        mrosenthal@bakerlaw.com
                sshadi@bakerlaw.com
                vmadoyan@bakerlaw.com

Attorneys for Defendants
SYSCO CORPORATION
and SYSCO SAN FRANCISCO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ, individually and acting in the interest of other current and former employees,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>SYSCO CORPORATION, a Delaware corporation; SYSCO SAN FRANCISCO, INC., a California corporation, and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 16-cv-06723-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 2, 2020<br>Time: 1:30 p.m. |

Pursuant to Northern District Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff HENRY HERNANDEZ ("Plaintiff"), and Defendants SYSCO CORPORATION and SYSCO SAN FRANCISCO, INC. ("Sysco SF") (together, "Defendants") submit this Joint Case Management Statement for the upcoming July 2, 2020 Case Management Conference.

## A.     STATUTORY BASIS FOR JURISDICTION & SERVICE

On October 18, 2016, Plaintiff filed this wage and hour class action against Defendants in the California Superior Court of California, County of Alameda. On November 21, 2016, Defendants simultaneously filed their Answer and their Notice of Removal under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) (the case has more than 100 putative class members, and the amount in controversy exceeds $5,000,000) with the Alameda County Superior Court. Plaintiff's complaint was thereafter removed to the United States District Court for the Northern District of California. On December 21, 2016, Plaintiff filed his Motion to Remand this action to the Superior Court in which it was originally filed. After considering all briefing permitted pursuant to the Local Rules, the Court denied Plaintiff's Motion to Remand on the grounds that Plaintiff had not met his burden of demonstrating that the local controversy exception to CAFA applies in this action.  (Doc. 20.)

All parties in this matter have been served. Service on Defendants was accomplished on October 21, 2016.

## B.     SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

### Plaintiff's Contentions

Plaintiff filed this putative wage-and-hour class action on behalf of himself and seeking to represent a proposed class of all individuals who have been employed by Defendants in California at any time since October 18, 2012. Plaintiff alleges that the putative class engaged in commercial foodstuff packaging and distribution for Defendants and were subjected to unlawful labor and payroll policies.

Joint Case Management Statement                                    Case No. 16-cv-06723-JSC
4831-4333-5873.1

Plaintiff alleges that Defendants violated various state and federal wage and hour laws. Specifically, Plaintiffs allege that Defendants: (1) failed to authorize and permit rest periods or to pay premium wages in lieu thereof, in violation of Labor Code section 226.7 and applicable Industrial Welfare Commission (IWC) Wage Orders; (2) failed to provide timely meal breaks or premium wages in lieu thereof in violation of Labor Code sections 226.7, 512 and the applicable IWC Wage Orders; (3) violated the minimum wage laws, Labor Code sections 1194(a), 1194.2, and 1197; (4) failed to timely pay wages due at termination in violation of Labor Code sections 201, 202 and 203; (5) knowingly and intentionally failed to maintain and provide accurate wage statements in violation of Labor Code sections 226(a), 1174 and 1175; and (6) violated Business & Professions Code section 17200 et seq.

Plaintiff already prevailed on Defendants' Motion for Judgment on the Pleadings regarding preemption as stated above. To remind the Court: Plaintiff's First (Rest Period Violations), Second (Meal Period Violations), are not preempted by section 301 of the Labor Management Relations Act (LMRA) because they arise solely under California state law and do not require interpretation of the terms contained in the Collective Bargaining Agreement (CBA). Furthermore, neither the Second nor the Third Causes of Action are exempted by Labor Code sections 512(e) and 514, respectively, because the CBA fails to satisfy all the requirements set out in those sections to bar Plaintiff from asserting those claims. However, aside from whether or not the CBA meets the requirements of those Labor Code sections, the exemptions asserted by Defendants actually constitute affirmative defense that Defendants bear the burden of proving, which are simply beyond the scope of this Motion and premature at this stage in the proceedings. As a result, Plaintiff's Fifth, Sixth, and Seventh derivative Causes of Action properly state claims. Again, the preemption issue was already decided by this Court, which only granted Defendants' Motion vis-á-vis Plaintiff's claim for Overtime, which Plaintiff did not include in his First Amended Complaint following the hearing on the Motion.

On February 3, 2020, the Court granted certification "of a narrowed off-the-clock claim for individuals who worked during their unpaid meal breaks as well as the derivative failure to pay

3

wages at the end of employment and failure to provide accurate paystubs claims." (Doc. 121.) The Court denied certification of Plaintiff's proposed meal and rest period subclasses. Plaintiff thereafter sought reconsideration of the Court's order and also filed a Petition for Permission to Appeal Pursuant to Federal rule of Civil Procedure 23(f) in the Ninth Circuit. Both the Motion for the Reconsideration and petition were denied. Plaintiff maintains that adjudication of the meal and rest period classes and the related derivative claims remain suitable for class treatment.

### Defendants' Contentions

Defendants deny all of Plaintiff's claims and deny that any class treatment is appropriate. In addition, Sysco Corporation denies that it employed Plaintiff or the putative class members. Plaintiff and the putative class members were employed only by Sysco SF, not Sysco Corporation.

The Court has already denied class certification as to Plaintiff's meal and rest break claims. To the extent that Plaintiff intends to pursue such meal and rest break claims on an individual basis, Defendants maintains that such claims are preempted by the Labor Management Relations Act ("LMRA") and therefore should be dismissed.  Further, Plaintiff's wage statement claim fails to state a cause of action because it is impermissibly premised on underlying claims for which damages are claimed and would result in an improper, double recovery. As numerous courts have held, including California Courts of Appeal, a wage statement claim cannot be derivative of underlying claims for unpaid wages, meal breaks, and rest breaks.  *See Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1334-37 (2018); *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal. App. 5th 444, 464-75 (2019); *see also Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, at *7-*8 (C.D. Cal. Nov. 28, 2011); *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *8-*9 (C.D. Cal. Aug. 7, 2012).

### C.   SETTLEMENT & ADR

The parties conducted a mediation with Michael Dickstein on October 17, 2017, but the case did not resolve at mediation.  The parties have conferred and are working toward scheduling a second mediation session, but a date has not yet been set.

1

**D.   DISCOVERY**

2

On February 20, 2020, in light of the pending request in the Ninth Circuit, the Court vacated

3

the July 27, 2020 trial date and expert discovery deadlines.  Fact discovery has closed, but expert

4

discovery has yet to be conducted.  The parties anticipate that expert discovery will be completed

5

by December 2020.

6

**E.   PRIOR & ANTICIPATED MOTIONS & SCHEDULING OF MOTIONS**

7

On December 21, 2016, Plaintiff filed his Motion to Remand this action to Alameda County

8

Superior Court. After considering all briefing permitted pursuant to the Local Rules, the Court

9

denied Plaintiff's Motion to Remand on the grounds that Plaintiff had not met his burden of

10

demonstrating that the local controversy exception to CAFA applies in this action.  (Doc. 20.)

11

On April 28, 2017, the Court granted in part and denied in part Defendants' Motion for

12

Judgment on the Pleadings, in which Defendants sought dismissal of all of Plaintiff's causes of

13

action on the grounds that Plaintiff's claims were either preempted by the Labor Management

14

Relations Act or else barred by California Labor Code sections 512 and 514.  The Court granted

15

Defendants' Motion with respect to Plaintiff's Third Cause of Action for Overtime Wages and

16

denied Defendants' Motion in all other respects.  On May 5, 2017, Plaintiff filed a First Amended

17

Complaint that conformed to the Court's Order, and on May 25, 2017, Defendants submitted an

18

Answer to Plaintiff's First Amended Complaint.

19

On September 13, 2019, Plaintiff filed his Motion for Class Certification. Defendants filed

20

their Opposition on October 18, 2019. Plaintiff filed his Reply Brief on November 8, 2019. A

21

hearing was held on December 5, 2019 before the Honorable Jaqueline S. Corley. On that same day,

22

the Court issued an Order Requesting Supplemental Briefing by the parties. The supplemental

23

briefing was filed and the Court issued its order regarding class certification on February 20, 2020,

24

certifying a narrowed off-the-clock subclass.  Plaintiff provided a draft of the class notice to

25

Defendants on June 15, 2020.  Defendants are reviewing and revising Plaintiff's proposed draft.

26

The parties anticipate that they will be able to agree on the language of the class notice.  In the

27

28

5

unlikely event the parties do not reach agreement, Plaintiff may file a Notice for Class Notice if the parties cannot stipulate to the class definition and content of the Class Notice.

In addition, Defendants intend to file a motion for summary judgment and/or summary adjudication concerning the narrow off-the-clock claims certified by the Court, as well as the derivative wage statement and waiting time penalties associated with that off-the-clock claim.

**F.    RELATED CASES**

*Moreno v. Sysco San Francisco, Inc. et al.,* Alameda County Superior Court, Case No. RG16840192 is a potentially related case.

**G.    ESTIMATED LENGTH OF TRIAL**

The parties estimate the trial will take approximately 10-15 court days, assuming the current claims proceed to trial.

Respectfully submitted,

Dated:  June 25, 2020                          **MALLISON & MARTINEZ**

By:  /s/ Liliana Garcia _____

Stan S. Mallison
Hector R. Martinez
Liliana Garcia

Attorneys for Plaintiff

Dated:  June 25, 2020                          **BAKER & HOSTETLER LLP**

By:  /s/ Vartan S. Madoyan _____

Margaret Rosenthal
Sabrina L. Shadi
Vartan S. Madoyan

Attorneys for Defendants

6